IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL D. NIEMEYER, | ) | 4:12CV3014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STORE KRAFT MANUFACTURING | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Following the dismissal of this removed action for Plaintiff's failure to exhaust his administrative remedies under ERISA, Defendant seeks to recover the attorney's fees it incurred in defending the action. Two motions have been filed for this purpose. In the first motion (filing 17), Defendant asks the court to exercise its inherent power to sanction Plaintiff and his attorney for filing the action in bad faith—knowing that an identical action was previously dismissed for non-exhaustion—or else to hold Plaintiff's counsel liable for its attorney's fees under 28 U.S.C. § 1927. The second motion (filing 18) is based on claimed violations of Federal Rule of Civil Procedure 11(b)(1) and (2).[1] The first motion will be granted in part and denied in part. The second motion will be denied.

*Procedural Background*

This action, in which Plaintiff sought to recover medical expenses he claimed should have been covered under a health care plan for Defendant's employees, was commenced in the District Court of Gage County, Nebraska, in December 2011.

---

[1] Defendant also requests under Rule 11 that Plaintiff be directed not to file any further lawsuits pertaining to the same subject matter.

Defendant removed the action to federal court in January 2012 on the basis of a federal question (*i.e.*, ERISA preemption).

Plaintiff previously filed an identical action in Gage County which was also removed to this court, and docketed as Case No. 4:09CV03201.  That action was involuntarily dismissed without prejudice in December 2009 because Plaintiff failed to allege or provide evidence that he had exhausted his administrative remedies under ERISA.  Dustin A Garrison of the Garrison Law Firm in Beatrice, Nebraska, was Plaintiff's attorney of record in both actions.

On February 29, 2012, Defendant filed a motion to dismiss the instant case pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.  On that same date, Defendant's counsel sent Plaintiff's counsel a "safe harbor" letter demanding that the action be voluntarily dismissed within 21 days and indicating that a motion for Rule 11 sanctions against Plaintiff and his counsel might be filed if the action was not voluntarily dismissed.[2]  (Filing 20-2)

On March 30, 2012, Plaintiff's counsel filed a motion requesting a 30-day enlargement of time to respond to Defendant's motion to dismiss, stating that "Plaintiff is seeking to retain alternate counsel, and he needs additional time to respond as a result of that fact." (Filing 11)  When Defendant's counsel stated she had no objection, the motion for enlargement of time was granted.  Defendant's counsel also states in an affidavit that Plaintiff's counsel "asked [her] to delay filing a motion for sanctions so he could try to locate an ERISA plaintiff's attorney for Plaintiff."

_____

[2] "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must . . . not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).

(Filing 20-1, ¶ 4)  Despite obtaining the enlargement of time, no response was filed to Defendant's motion to dismiss.

On May 7, 2012, I ordered that Defendant's Rule 12(b)(6) motion be converted into a Rule 56 motion for summary judgment so that matters outside the pleadings —specifically, evidence filed by Defendant showing that Plaintiff had taken no steps to exhaust his administrative remedies under ERISA—could be considered.[3]  Plaintiff was given until May 21, 2012, to respond to the motion by filing a brief and any material evidence.  (Filing 13)  Again, no response was filed.

On May 24, 2012, I granted the Rule 56 motion and dismissed the action with prejudice.  (Filing 14) A final judgment was also entered the same day.  (Filing 15)

The pending motions for attorney's fees and additional Rule 11 sanctions were filed on June 7, 2012, and are now ripe for decision.  Neither Plaintiff nor his attorney have responded to the motions.

*Rule 11*

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]

---

[3] I determined that Defendant's evidence could not be considered under Rule 12(b)(1) because ERISA exhaustion is not a jurisdictional requirement.

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b).

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. P. 11(c)(1).

In a decision made with reference to an earlier version of Rule 11,[4] I held in *Temple v. WISAP USA in Texas*, 152 F.R.D. 591 (D.Neb. 1993), that an attorney was not subject to sanctions for failing to make adequate investigation before filing an action in state court, but that he could be sanctioned for filing an amended complaint following removal of the action to federal court. I explained:

Rule 11 "applies only when an attorney has signed a pleading, motion or other paper." *Adduono v. World Hockey Ass'n*, 824 F.2d 617, 621 (8th Cir.1987). In *Nichols v. Firestone Tire & Rubber Co.*, 127 F.R.D. 526, 528 (D.Neb.1989), Judge Cambridge held that under Rule

---

[4] Prior to being amended in 1993, Rule 11 provided in relevant part: "The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

-4-

11, an attorney "is under a continuing duty to review and reevaluate a case in which he or she is representing a party," and that Rule 11 sanctions may be entered after the attorney has signed a pleading in furtherance of a frivolous claim (citing *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 336 n. 6 (6th Cir.1988); *Foval v. First Nat. Bank of Commerce*, 841 F.2d 126, 130 (5th Cir.1988). The rule itself requires that every paper filed with the district court be *signed* by an attorney or by the party.  The *signature* constitutes a certificate that "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. . .."

In this district, the continuing duty to review and reevaluate cases does not require that attorneys review their pleadings and, if necessary, modify them to conform with Rule 11. *Nichols*, 127 F.R.D. at 528. *See also, e.g., Beverly Gravel, Inc. v. Didomenico*, 908 F.2d 223, 226 (7th Cir.1990) (Rule 11 does not oblige counsel to amend the complaint as new evidence surfaces); *Hilton Hotels Corp. v. Banov*, 899 F.2d 40 (D.C.Cir.1990); *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Assoc. Contractors, Inc.*, 877 F.2d 938 (11th Cir. 1989) ( Rule 11 does not impose a continuing obligation on plaintiff to amend the complaint, at least if the complaint was reasonably interposed in the first place), *cert. denied sub nom.*, 493 U.S. 1079, 110 S.Ct. 1133, 107 L.Ed.2d 1038 (1990); *Thomas v. Capital Sec. Servs.*, 836 F.2d 866 (5th Cir.1988) (*en banc*); *General Dev. Corp. v. Binstein*, 743 F.Supp. 1115 (D.N.J.1990) (subsequent filings must be judged by information available when they are filed). *Contra Herron*, 858 F.2d at 336; *Mann*, 900 F.2d at 959; *Kale v. Combined Ins. Co.*, 861 F.2d 746 (1st Cir.1988); *Foval v. First Nat. Bank of Commerce*, 841 F.2d 126, 130 (5th Cir.1988).

Thus, in this district, it is the filing of a signed document with the district court that may trigger a Rule 11 violation.

*Id.* at 620-21 (emphasis in original).

Under the current version of Rule 11, it is the act of "presenting" a pleading, written motion, or other paper to the court, "whether by signing, filing, submitting, or

later advocating it," that may trigger possible sanctions.  While this revised language "subject[s] litigants to potential sanctions for insisting upon a position after it is no longer tenable," Advisory Committee Notes to Fed. R. Civ. P. 11, 1993 Amendments, it still does not place an obligation upon litigants to dismiss non-meritorious claims.

The rule "applies only to the affirmative act of [presenting] a paper that is not well founded, without reasonable inquiry." Stewart v. Lone Star Industries, Inc., 1991 WL 130211, *1, 937 F.2d 613 (9th Cir. 1991) (unpublished table decision). "Rule 11 does not apply to inaction that needlessly delays the entire proceedings." Metz v. Unizan Bank, 655 F.3d 485, 491 (6th Cir. 2011). See also Koning v. Lowell Baisden, C.P.A., No. 4:08CV3087, 2009 WL 186177, *2 (D.Neb. Jan. 26, 2009) (Urbom, J.) (plaintiff's inaction in failing to amend complaint did not amount to "reaffirmation" or "advocacy" that might be sanctionable under Rule 11).

> The rule applies only to assertions contained in papers filed with or submitted to the court. . . .  However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.  For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as "presenting to the court" that contention and would be subject to the obligations of subdivision (b) measured as of that time.  Similarly, if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as "presenting"—and hence certifying to the district court under Rule 11—those allegations.

Advisory Committee Notes to Fed. R. Civ. P. 11, 1993 Amendments.

In the present action, the only paper that was presented to this court on behalf of Plaintiff was a motion for a 30-day enlargement of time, which Defendant did not oppose.  That single filing did not violate Rule 11(b).  While Plaintiff and his attorney did not accede to Defendant's written demand for a voluntary dismissal, neither did

they actively oppose Defendant's motion to dismiss. They merely sought additional time to respond while Plaintiff allegedly was attempting to retain new counsel.

Plaintiff's failure to respond to Defendant's motion to dismiss (or converted motion for summary judgment) did not constitute "advocating" the claim alleged in the state-court pleading.  To the contrary, Plaintiff effectively conceded that no steps had been taken to exhaust his administrative remedies since the court's dismissal of the prior lawsuit,[5] and no argument was made that the claim for recovery of medical benefits was not preempted by ERISA.  Under these circumstances, there is no basis for the imposition of sanctions under Rule 11.[6]

### 28 U.S.C. § 1927

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  "Courts have interpreted this statute to warrant sanctions when attorney conduct, viewed objectively, manifests either intentional or reckless

---

[5] "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.0.1(b)(1)(C).

[6] It has been held that "a federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal." *Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th Cir. 1993).  While I note that Nebraska has a statute which provides that "the court shall award as part of its judgment . . . reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith," Neb. Rev. Stat. § 25-824(2) (Westlaw  2012), Defendant has not sought relief under such statute.  I therefore do not decide whether I am authorized to award attorney's fees under this statute and, if so, whether Plaintiff's claim was frivolous or made in bad faith within the meaning of Nebraska law.

disregard of the attorney's duties to the court." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotations and citations omitted).

Section 1927 "explicitly covers only the multiplication of proceedings that prolong the litigation of a case and likely not the initial pleading, as the proceedings in a case cannot be multiplied until there *is* a case." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3rd Cir. 2008) (emphasis in original).  Certainly, the act of filing a case in state court should not result in sanctions being imposed under this statute. After a case has been removed to federal court, however, the plaintiff's attorney may be held liable for attorney's fees incurred by the defendant as a result of the attorney "unreasonably and vexatiously" prolonging the proceedings.

In *Edwards v. General Motors Corp.*, 153 F.3d 242 (5th Cir. 1998), an employment discrimination case was removed to federal court and a motion for summary judgment was filed by the defendant.  The plaintiff's counsel thereafter decided the case could not be won, but, hoping for a nuisance-value settlement, she tried to keep the case alive by filing two motions for an extension of time to respond to the motion for summary judgment and also moving for a trial continuance.  She filed witness and exhibit lists as if trial preparations were being made, but never responded to the motion for summary judgment, which eventually was granted.  The district court sanctioned the plaintiff's counsel under Rule 11 and § 1927 by awarding the defendant the full amount of attorney's fees it had incurred during the litigation. Reversing in part, the Fifth Circuit held that the award was improper under Rule 11, but that the plaintiff's attorney could be held liable for all attorney's fees incurred by the defendant after the date on which she admittedly had decided to abandon the case on the merits.  Significantly, this award did not include any attorney's fees associated with the preparation of the defendant's motion for summary judgment.

In the present action, there does not appear to have been any contact between counsel until February 29, 2012, when Defendant's motion to dismiss was filed and a "safe harbor" letter was sent.  The amount of attorney's fees incurred by Defendant through that date, including fees associated with removing the action to federal court,

researching and drafting the motion to dismiss and supporting brief, and researching and drafting a motion for sanctions that was enclosed with the "safe harbor" letter but not filed at the time, was $5,345.00. The amount of fees incurred by Defendant after February 29, 2012, including fees associated with reviewing Plaintiff's motion for an enlargement of time and preparing the pending motions for sanctions, was $660.00.

Defendant did not incur any attorney's fees "because of [Mr. Garrison's] conduct" prolonging the litigation until after February 29, 2012. Thus, the most that it can recover from him under the statute is $660.00.[7] I find this amount to be fair and reasonable under the circumstances, and also find that Mr. Garrison did, in fact, act unreasonably and vexatiously in prolonging the litigation after the motion to dismiss was filed and the "safe harbor" demand was made. Even if his client was seeking different representation, this did not relieve Mr. Garrison of his duties to the court and opposing counsel. He did not file a motion to withdraw from the case, but instead continued on as Plaintiff's attorney of record and allowed the motion to dismiss (and converted motion for summary judgment) to be submitted to the court without filing any response. I therefore will order that Defendant recover the sum of $660.00 from Mr. Garrison under 28 U.S.C. § 1927.

### *District Court's Inherent Power to Assess Attorney's Fees*

"[T]he Supreme Court has held that a district court may assess attorney fees under its inherent power 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Nielsen v. Trans World Airlines, Inc.*, 95 F.3d 701, 702-03 (8th Cir. 1996) (quoting *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 266 (8th Cir. 1993)). "This inherent power reaches conduct both before and during litigation as long as the conduct abuses the judicial process in some manner." *Gas Aggregation Services, Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733, 739 (8th Cir. 2006)

---

[7] Had Defendant made its demand for a voluntary dismissal before incurring attorney's fees for preparing a motion to dismiss and a motion for sanctions, such fees likely would be recoverable.

(citing *Dillon*, 986 F.2d at 266).  The requisite bad faith may be inferred from the absolute lack of merit in the litigant's actions.  *See Horst Masonry Const., Inc. v. ProControls Corp.*, 2000 WL 268488, *1, 208 F.3d 218 (8th Cir. 2000) (unpublished table decision) (district court did not abuse its discretion in determining that general contractor and its surety acted in bad faith by asserting offset defense which contractor knew was without merit and which surety did not investigate).  *See also Hoover v. Armco, Inc.*, 915 F.2d 355, 357 (8th Cir.1990) (upholding attorneys' fee award where plaintiff brought frivolous claim in bad faith).

Plaintiff and his attorney both knew from the court's dismissal of the previous action that Plaintiff needed to exhaust his administrative remedies before filing suit against Defendant to recover health care benefits.  Yet, despite this knowledge, an identical complaint was filed in state court 2 years later, again without any allegation being made that Plaintiff had exhausted his administrative remedies.  Given the prior disposition of Plaintiff's claim, the complaint was frivolous on its face.

No attempt was made to challenge the removal of the action to federal court based on ERISA preemption.  No attempt was made to amend the complaint to allege exhaustion.  No attempt was made to demonstrate that the court's prior ruling was contrary to law.  No attempt was made to show that Plaintiff actually had exhausted his administrative remedies.  No attempt was made to dismiss the action voluntarily.  And, finally, no attempt was made to resist the pending motions for sanctions.

I find that Plaintiff and his attorney both engaged in bad faith misconduct by recommencing and continuing this frivolous litigation, and conclude that awarding Defendant the full amount of its reasonable attorney's fees is an appropriate, remedial sanction under the particular facts of this case.  I also find that Defendant has proved the total amount of attorney's fees it incurred in defending this action is $6,005.00, and that such amount is fair and reasonable under the circumstances.  Plaintiff and his attorney, Dustin A. Garrison, will be held jointly and severally liable for payment of this amount.  This award of attorney's fees is made pursuant to the court's inherent power, and is in the alternative, *not* in addition, to the award of attorney's fees made

under 28 U.S.C. § 1927.   In other words, Mr. Garrison's maximum liability to Defendant will be $6,005.00.

Accordingly,

IT IS ORDERED:

1.   Defendant's motion for attorney fees (filing 17) is granted in part and denied in part, as follows:

    a.   Pursuant to the court's inherent power, Defendant shall recover from Plaintiff and his attorney, Dustin A. Garrison, jointly and severally, the sum of $6,005.00, which represents the full amount of reasonable attorney's fees incurred by Defendant in defending this action;

    b.   Pursuant to 28 U.S.C. § 1927, and as an alternative sanction, Defendant shall recover from Dustin A. Garrison the sum of $660.00, which represents the amount of reasonable attorney's fees incurred by Defendant since February 29, 2012; and

    c.   In all other respects, the motion is denied.

2.   Defendant's motion for Rule 11 sanctions (filing 18) is denied.

3.   Judgment shall be entered by separate document.

July 3, 2012.                                   BY THE COURT:

                                                *Richard G. Kopf*
                                      Senior United States District Judge

---

    * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.